DOWNEY, Judge.
This is an appeal by the City of Boynton Beach, Florida, from an order of the Florida Public Employees Relations Commission (the Commission or PERC), wherein PERC denied the City’s petition to decertify one bargaining unit and refused to order another bargaining unit to cease and desist from making bargaining demands upon the City.
The City petitioned PERC to revoke the certification of the International Brotherhood of Firemen & Oilers, Local 5, and order the International Brotherhood of Firemen & Oilers, Local 1227, to cease and desist from making bargaining demands upon the City until it is properly certified to represent City personnel. The City’s petition recites that the bargaining demand was made in a letter from Dawn Bonard to the City Manager typed on the letterhead stationery of Local 1227, which shows Bo-nard as president thereof. However, the title beneath her signature is that of International Vice President. The Commission ordered Locals 5 and 1227 to respond to the City’s petition. Local 1227 did not respond, but Bonard responded on behalf of Local 5 and alleged that the constitution of the I.B.F. & 0. authorizes its international vice presidents to represent locals as the need arises. Nevertheless, the Commission demanded further evidence of Bonard’s authority to represent Local 5 in matters of collective bargaining. Her response was that she was assigned to represent Local 5 by the International President of the I.B.F. & O. pursuant to Article IV, Section 1, of the I.B.F. & 0. Constitution.
The Commission’s order, from which this appeal has been taken, found: 1) no evidence that Bonard has authority emanating from Local 5 to represent that unit in matters of collective bargaining; 2) that the demand to bargain was presented by Bo-nard as International Vice President of the I.B.F. & O., not as President of Local 1227. The Commission, therefore, declined to order Local 1227 to cease and desist from making such demands; and 3) the petition failed to show any grounds for the Commission to revoke the certification of Local 5, or to issue a cease and desist order to said bargaining unit.
On appeal, the parties virtually ignore the Commission’s findings and holdings relative to Bonard’s authority to represent Local 5 and the involvement of Local 1227 relative to a bargaining demand. The entire thrust of the City’s argument is that PERC had the authority to decertify Local 5 under the circumstances of this case, where the Local has abandoned the employees represented by twelve years of inactivity, but refuses to do so. PERC, also, ignores Bonard’s role in the scenario presented and joins issue with the City, contending that there is no existing authority for it to decertify Local 5 based upon the petition presented. PERC points out that, under the existing legislative scheme the certification of a collective bargaining agent may be revoked only under the following circumstances:
(1) an employee or group of employees in the bargaining unit files a petition to revoke the union’s certification, sup *405 ported by 30% of the employees in the bargaining unit, and the employee organization loses the resulting secret ballot election. § 447.308, Fla.Stat. (1987).
(2) a rival employee organization files a representation petition supported by 30% of the employees in the bargaining unit and the certified organization loses the resulting election. § 447.307, Fla. Stat. (1987).
(3) the Commission determines that the certified employee organization has violated the prohibition against strikes by public sector employee organizations. § 447.507(6)(a)2, Fla.Stat. (1987).
(4) the Commission allows a certified employee organization to voluntarily disclaim interest in continuing to represent the bargaining unit employees. Fla.Admin.Code Rule 38D-17.013.
The petition does not bring the City and Local 5 within any of these categories of activity authorizing decertification according to PERC. Furthermore, the Commission rejects the City’s contentions that the Commission has the discretionary authority to enact a rule authorizing decertification in these circumstances. The Commission’s response to this contention is that the City fails to appreciate the difference between N.L.R.B. rulings in private sector cases and Florida rulings involving the public sector, the latter being much more restrictive visa-vis an employer’s right to seek decertifi-cation of an organization when it in good faith suspects the bargaining unit no longer maintains majority status among the employees.
Our consideration of the briefs and record impel us to conclude that no error has been demonstrated in the Commission’s order that no bargaining demand was made by Local 1227 or that no authority has been demonstrated by Bonard to represent Local 5. Furthermore, we agree with the legal stance taken by PERC in its brief that the City’s petition does not set forth any facts which, under the present law of Florida, would require PERC to decertify Local 5 as a bargaining unit for the named employees of the City. Therefore, the order appealed from is affirmed.
GLICKSTEIN and GUNTHER, JJ., concur.